IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT BRAHM,

       Plaintiff,

vs.                                                  No. CIV 03-0976 RB/KBM

BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF SIERRA, a local
public body of the State of New Mexico,
individually and in their official capacities,
ROY BAGWELL, individually and in his official
capacity as Administrator of the Sierra County
Detention Center, NICHOLAS WHITE, individually
and in his official capacity as Detention Officer,
MARVIN WHITFIELD, individually and in his
official capacity as Detention Officer, JOHN DOES #1-3,
individually and in their official capacities as Detention
Officers or other employees of the Sierra County
Detention Center,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

       **THIS MATTER** is before the Court on Defendant Roy Bagwell's Motion to Dismiss Based on Qualified Immunity (Doc. 7), filed on December 31, 2003; Defendant Marvin Whitfield and John Does #1-3 Joint Motion to Dismiss Complaint (Doc. 17), filed on March 11, 2004; Defendant Nicholas White's Motion to Dismiss Based on Qualified Immunity (Doc. 19), filed on March 15, 2004; and Defendant Marvin Whitfield's Motion to Dismiss Based on Qualified Immunity (Doc. 29), filed on April 12, 2004. Jurisdiction arises under 28 U.S.C. § 1331. Having reviewed the submissions of the parties and the relevant law, I find that the motions should be denied.

**I.      Background.**

From August 22, 2000 until December 22, 2000, Brahm was incarcerated at the Sierra County Detention Center (SCDC), located in Truth or Consequences, New Mexico. (Compl. ¶ 13.) At the time of his incarceration, Brahm was prescribed Flexaril, Valium, Percocet, Effexor, Tegretol, and Hydroxyzine. (Compl. ¶ 14.) Officials at SCDC were advised of Brahm's prescription medications and his schedule for taking them. (Compl. ¶ 16.) Sufficient quantities of the medications were delivered to the jail to cover his period of incarceration. (*Id*.) Brahm alleges that Defendants failed to provide him with his medications and that they diverted the medications for their own or others' use. (Compl. ¶¶ 17-18.)

Brahm alleges that, on October 22, 2000, Defendant White advised Brahm's spouse, Connie Brahm, that she should have the prescriptions refilled. (Compl. ¶¶ 23-24.) Mrs. Brahm contacted New Mexico State Police Officer Freddie De La O, and reported that she believed someone at SCDC was stealing Brahm's drugs. (Compl. ¶ 25.) In the course of his investigation, Officer De La O spoke with Defendants Bagwell, White, and Whitfield. (Compl. ¶ 27.) Brahm alleges that Officer De La O concluded that some of the pills were missing. (Compl. ¶ 29.)

Brahm alleges that, on October 23, 2000, Officer De La O informed Bagwell of the complaints that he had received from Brahm and Mrs. Brahm. (Compl. ¶ 34.) Brahm alleges that Bagwell told Officer De La O that White had told Bagwell that Mrs. Brahm was not behaving during her visits and that her visits might be canceled. (Compl. ¶ 36.)

Brahm alleges that Officer De La O met with White and Whitfield on November 8, 2000. (Compl. ¶ 27;43.) White allegedly told Officer De La O that he knew Brahm's medication was missing, but that he had no complaints regarding Mrs. Brahm's behavior. (Compl. ¶¶ 38; 41.)

Whitfield allegedly told Officer De La O that the officers in charge of medication at SCDC were Jed Barnes and Scott Bagwell, when Jed Barnes and Scott Bagwell were not present, other detention officers dispensed medication, detention officers had no training in dispensing medication, and other medication was missing. (Compl. ¶¶ 44; 46; 47; 49.)  According to Brahm, Whitfield admitted that he signed off on a medication form for an inmate. (Compl. ¶ 48.)

Brahm alleges that Defendants retaliated against him after he complained that his medications had been stolen. (Compl. ¶ 50.)  Brahm contends that Defendants retaliated against him by placing him in lock down, taking away his medically-prescribed mattress and forcing him to sleep on the floor, removing him from work detail, and otherwise harassing him. (Compl. ¶ 51.)  Brahm states that as a result of the retaliation, he was transferred to another facility on December 23, 2000. (Compl. ¶ 52.)  Brahm contends that he suffered personal injury, pain and suffering, emotional distress and economic loss. (Compl. ¶ 53.)

On August 20, 2003, Brahm filed his Complaint in this court, alleging 42 U.S.C. §1983 Eighth Amendment and First Amendment claims, as well as medical negligence and intentional tort claims under the New Mexico Tort Claims Act.  On December 23, 2003, the NMTCA claims were dismissed without prejudice by stipulation.  Bagwell, White, and Whitfield (individual Defendants) have moved to dismiss the Constitutional claims based on qualified immunity.  White, Whitfield, and John Does #1-3 have moved to dismiss for failure to timely effectuate service of process.

Brahm argues that his complaint is sufficient to state Eighth and First Amendment claims.  In the alternative, Brahm requests leave to file an amended complaint.  The Local Rules provide that a proposed amended complaint must accompany a motion to amend.  D.N.M.LR-Civ. 15.1.  Brahm failed to comply with this rule.  I decline to consider Brahm's request because he failed to comply

with Local Rule 15.1.

Brahm has attached his affidavit to his response to Bagwell's motion that presents matters outside the pleadings. (Brahm Aff., Pl. Ex. A, filed Feb. 3, 2004.) Bagwell objects to consideration of the Brahm affidavit on the grounds that Bagwell has conducted no discovery and he has raised the issue of qualified immunity. Bagwell requests that I strike the Brahm affidavit. Although I decline to strike the affidavit, I have excluded it from consideration pursuant to FED. R. CIV. P. 12(b).

**II.     Standard.**

A motion to dismiss should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all the well-pleaded factual allegations of the complaint as true and view them in the light most favorable to the non-moving party. *Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F.3d 1226, 1336 (10th Cir. 1999). In accepting the complaint's allegations as true, the court must consider whether the complaint, standing alone, is legally sufficient to state a claim upon which relief may be granted. *Ordinance 59 Ass'n v. United States Dep't of Interior*, 163 F.3d 1150, 1152 (10th Cir. 1998). For purposes of ruling on a motion to dismiss for want of standing, the court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003) (quoting *Warth v. Seldin*, 422 U.S. 490, 501 (1975)).

**III.     Discussion.**

**A.     Whether the individual Defendants are entitled to qualified immunity on the Eighth Amendment claims.**

A government official is entitled to qualified immunity from civil damages when his or her "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To reach the question of whether a defendant is entitled to qualified immunity, the court must first ascertain whether "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If the court finds that a favorable view of the facts alleged establishes a violation of a constitutional right, the next step is to ask whether the right was clearly established at the time of the defendant's alleged unlawful conduct. *Id*.

In order to prevail on a denial of medical care claim under the Eighth Amendment, an inmate must show that the defendant was deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U. S. 97, 104 (1976). The condition complained of must be sufficiently serious to implicate constitutional protection and the prison official must have acted with deliberate indifference to the inmate's health. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000).

The individual Defendants argue that they are entitled to qualified immunity because Brahm has not sufficiently alleged a serious medical need with respect to the alleged denial of his prescribed medications. A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the

5

necessity for a doctor's attention." *Sealock*, 218 F.3d at 1209 (quoting *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999)).  Brahm has alleged that a qualified medical doctor prescribed the medications for him.  (Compl. ¶¶ 15-16.)  Brahm asserts that Defendants failed to administer the prescribed medications and that, as a result, he suffered unnecessary pain and permanent injury. (Compl. ¶¶ 19; 21-22.).  Construed in the light most favorable to Brahm, these allegations are sufficient to allege a serious medical need within the meaning of the Eighth Amendment.

The individual Defendants contend that Brahm has failed to sufficiently allege deliberate indifference.  An officer acts with deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety."  *Sealock*, 218 F.3d at 1209 (quoting *Farmer v. Brennan*, 511 U.S. at 837).  The Court has defined deliberate indifference as equal to "recklessness" in which "a person disregards a risk of harm of which he is aware." *Farmer*, 511 U.S. at 836-837.  Brahm asserts that Defendants were aware of his need for the prescribed medications, yet they deliberately refused to administer them.  (Compl. ¶¶ 16-17.)  Construed in the light most favorable to Brahm, these allegations satisfy the deliberate indifference standard of the Eighth Amendment.

The next step in the qualified immunity analysis is whether the right was clearly established at the time of the individual defendants' alleged unlawful conduct.  *Saucier*, 533 U.S. at  201.  The Supreme Court has emphasized:

> For a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has been held unlawful, but it is to say that in light of pre-existing law the unlawfulness must be apparent.

*Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (internal quotation marks and citations omitted).

"The right to custodial medical care is clearly established." *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1315 (10th Cir. 2002) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A reasonable official would understand that withholding medically-prescribed medication from an inmate would violate that inmate's right to custodial medical care. The individual Defendants' argument that failing to provide medication to an inmate does not constitute an Eighth Amendment violation is unavailing. The individual Defendants are not entitled to qualified immunity on the Eighth Amendment claims.

**B.      Whether the individual Defendants are entitled to qualified immunity on the First Amendment claims.**

"Prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his right of access to the courts." *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990). To establish retaliation, an inmate "must prove that 'but for' the retaliatory motive, the incidents to which he refers, including disciplinary action, would not have taken place." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir.1998). Because the ultimate fact of retaliation turns on defendants' state of mind, it is particularly difficult to establish by direct evidence. *Id.* at 949. Therefore, a plaintiff may present circumstantial evidence of a retaliatory intent in order to establish a retaliation claim, typically raising an issue of fact, not law. *Id*.

Brahm has alleged that the individual Defendants retaliated against him after he reported to the State Police that his medication was missing by placing him in lock down, taking away his medically-prescribed mattress and forcing him to sleep on the floor, removing him from work detail, and otherwise harassing him. (Compl. ¶¶ 50-51.) Brahm has alleged facts which, if proven, could persuade a reasonable trier of fact that the individual Defendants' actions were intended, at least in part, to retaliate against Brahm for his complaints concerning possible misappropriation of his

medications by SCDC staff. Construed in the light most favorable to Brahm, the allegations are sufficient to state a claim for First Amendment retaliation.

It is clearly established that prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his First Amendment rights. *Smith*, 899 F.2d at 947. The individual Defendants are not entitled to qualified immunity on the First Amendment claims.

**C.  Whether the claims against White, Whitfield, and John Does #1-3 should be dismissed pursuant to Rule 4(m).**

Federal Rule of Civil Procedure 4(m) provides:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time . . .

FED. R. CIV. P. 4(m).

The record reflects that White was served on March 3, 2004, and that Whitfield was served on March 24, 2004. (Docs. 15 and 24.) Brahm has submitted an affidavit from his counsel, James C. Ellis, stating that counsel had difficulty effectuating service. (Ellis Aff., Pl. Ex. A, filed on Apr. 8, 2004 and Apr. 12, 2004.) Because these Defendants have now been served, and Brahm has demonstrated good cause for the delay, the motion should be denied with respect to Whitfield and White.

Brahm has not identified or served John Does #1-3. In order to avoid dismissal without prejudice of this action as to John Does #1-3, Brahm should either effect service, or show good cause why John Does #1-3 have not been identified and served, by June 30, 2004.

**WHEREFORE,**

**IT IS ORDERED** that Defendant Roy Bagwell's Motion to Dismiss Based on Qualified Immunity (Doc. 7), filed on December 31, 2003; Defendant Marvin Whitfield and John Does #1-3 Joint Motion to Dismiss Complaint (Doc. 17), filed on March 11, 2004; Defendant Nicholas White's Motion to Dismiss Based on Qualified Immunity (Doc. 19), filed on March 15, 2004; and Defendant Marvin Whitfield's Motion to Dismiss Based on Qualified Immunity (Doc. 29), filed on April 12, 2004, are **DENIED.**

**IT IS FURTHER ORDERED** that Brahm shall either effect service on John Does #1-3, or show good cause why John Does #1-3 have not been identified and served, by June 30, 2004.

*[signature]*

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**